LILLIAN SEGAL *vs.* JAMES A. PRIOR & another, CELIA A. BLUM, intervener.

Middlesex.     October 7, 1952. — December 1, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Equity Jurisdiction,* Specific performance.     *Contract,* For sale of real estate.

There should have been a decree for the plaintiff in a suit in equity for specific performance of a written contract dated March 21 for conveyance of certain real estate by the defendant to the plaintiff on June 1, such contract having been made subject to an earlier written contract between the defendant and a third person for sale by the defendant and purchase by the third person of the same premises wherein it was provided that the time for performance should be May 11 but that if the zoning board of appeal of the city in which the premises were

located failed to act on a certain petition for variance before May 11 the time for performance should be extended thereafter until the board acted on the petition, where it appeared that the board denied the petition on April 11 and that the contract between the defendant and the third person had not been performed by May 11; the plaintiff's contract with the defendant was not subordinate to an agreement made between the defendant and the third person on May 1 purporting to extend the time for the performance of their contract.

BILL IN EQUITY, filed in the Superior Court on June 1, 1951.

The suit was heard by *Morton*, J.

In this court the case was submitted on briefs.

*Samuel T. Lakson*, for the plaintiff.

*Thomas F. Sullivan* & *Edward M. Doran*, for the defendants.

*Samuel M. Flaksman* & *Israel N. Samuels*, for the intervener.

WILKINS, J. This is a bill in equity for specific performance of a written agreement to convey the defendants' real estate at 410–438 Green Street, Cambridge, and, in the alternative, for damages. Celia A. Blum, who had signed an earlier agreement with the defendants for the purchase of the same property at the same price, was allowed to intervene. The judge made a report of all the material facts upon which was based the final decree, dismissing the bill with costs and the intervening petition without prejudice. The plaintiff appealed, and the evidence is reported.

The plaintiff's agreement was dated March 21, 1951, and stipulated for performance on June 1, 1951, at which time the plaintiff appeared at the registry of deeds ready, able, and willing to perform, but the defendants did not appear. The plaintiff's agreement contained this paragraph: "The buyer has been informed that the sellers have heretofore entered into an agreement to sell the aforementioned property to Celia A. Blum; and it is agreed . . . that if on or before May 11, 1951, said prior agreement shall be consummated by the delivery of a deed and the payment of the purchase price, then this agreement shall be null and void."

The earlier agreement between the defendants and the

intervener was dated February 27, 1951. The intervener's agreement contained this paragraph: "It is hereby agreed . . . that if the board of appeal of the city of Cambridge fails to act on a petition for rezoning the said premises for the use of a manufacturing establishment for the manufacture of electric light fixtures before May 11, 1951, then this agreement shall be extended for that period of time it will take for said board of appeal to act on the said petition."

The so called "petition for rezoning" was really a petition for a variance so as to permit the premises, which were in a C-2, or residential, district, to be used for the manufacture of electrical fixtures by the Lee Products Company. It had been first denied on March 6, 1951, by the acting superintendent of buildings and inspector of buildings. In fact, it had also been denied on appeal by the board of appeal on April 11, 1951.

On May 1, 1951, the defendants and the intervener entered into an agreement purporting to extend the time for their performance until October 1, 1951, in partial consideration of the intervener's obtaining for the defendants a loan of $20,000 secured by a mortgage on the property. The so called extension agreement of May 1 recited that "there is now pending in the Land Court at Boston, Massachusetts, an appeal from the decision of the board of appeal of the city of Cambridge, brought by the said Blum in the names of the said Prior and O'Neil," and contained these additional provisions: "If the said appeal is not terminated favorably to the appellants Prior and O'Neil, on or before October 1, 1951, then the time for performance of the said agreement and any extension thereof shall be further extended until the appeal is terminated favorably as aforesaid. . . . [I]f the appeal is finally denied by the court . . . the said Blum shall have the option of declaring the purchase and sale agreement null and void and if said option is so exercised, any payments made under the agreement, shall be refunded and all obligations of either party to the agreement and this extension of same, shall cease, unless the said Blum requests a deed to the premises during the

pendency of the appeal or within thirty days of the final determination of said appeal."

Actually there was no appeal from the board of appeal to the Land Court, but there was a "petition to determine validity of zoning law" brought in the name of the defendants against the city. G. L. (Ter. Ed.) c. 240, § 14A, inserted by St. 1934, c. 263, § 2. That petition was pending in the Land Court at the time of the decision of the court below in the case at bar.

On the facts the judge found or we find, there was error in dismissing the bill. The plaintiff's agreement was made subject to the intervener's earlier agreement, but only to that. That earlier agreement at most called for a conveyance on or before May 11, 1951, with an extension thereafter only for such time as the board of appeal might fail to act on the so called "petition for rezoning." But the board of appeal denied the petition as early as April 11, 1951, and by May 11, 1951, there remained no further right in the intervener and the defendants to make any additional deal to which the plaintiff would be subject. The petition in the Land Court was another, and a wholly different, proceeding not within the terms of the agreements between the intervener and the defendants and between the plaintiff and the defendants. The agreement of May 1, 1951, between the defendants and the intervener, purporting to extend the time for the performance of their contract dated February 27, 1951, was an entirely new bargain to which the plaintiff's agreement with the defendants was not subordinate.

The fatal weakness in the defendants' position is that they have tried to make an agreement to do one thing a vehicle for doing quite another. The defendants argue that the plaintiff must be denied equitable relief because she has "resorted to unjust and unfair conduct." There is no such finding by the judge, and the evidence shows that if there has been any unjust or unfair conduct, it was on the part of the defendants. Certainly none has been shown on the part of the plaintiff.

The evidence is that the defendants still hold title to the

property subject to two mortgages, one to a bank under date of October 15, 1943, and the other for $20,000 to Lee Products Company dated May 1, 1951, given pursuant to the so called extension agreement of that date. The plaintiff in the court below and in this court has stated a willingness to take title subject to these mortgages, the amounts thereof to be deducted from the purchase price. To this, we think the plaintiff is entitled.

The final decree is reversed, and the case is remanded to the Superior Court for the entry of a new final decree in accordance with this opinion. The plaintiff is to have costs of this appeal.

*So ordered.*